IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

ALICIA KIRKLAND,                    §
                                    §
            Plaintiff,              §
                                    §
V.                                  §        No. 3:13-cv-1754-N-BN
                                    §
RACETRAC PETROLEUM, INC.,           §
                                    §
            Defendant.              §

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

This action has been referred to the United States magistrate judge for pretrial management pursuant to 28 U.S.C. § 636(b) and a standing order of reference from the District Court. Pending before the Court are Defendant RaceTrac Petroleum, Inc.'s ("RaceTrac") Motion to Dismiss [Dkt. No. 22] pursuant to Federal Rule of Civil Procedure 12(b)(6) and Plaintiff Alicia Kirkland's Motion to Amend in Lieu of Dismissal [Dkt. No. 28]. For the reasons stated herein, Defendants' Motion to Dismiss should be granted, and Plaintiff's motion for leave should be granted.

**Background**

Plaintiff Alicia Kirkland, initially proceeding *pro se*, filed a lawsuit contending that she was denied a transfer and her employment was ultimately terminated due to race, gender, and pregnancy, in violation of Title VII of the Civil Rights Act of 1964. *See* Dkt. No. 3. She also alleges that she was defamed before the Texas Workforce Commission and unspecified third parties and was wrongfully terminated in violation of the Texas common law as set forth in *Sabine Pilot Serv. v. Hauck*, 687 S.W.2d 733,

735 (Tex. 1985). *See id.* The complaint was served upon RaceTrac pursuant to Rule 4(c)(3) of the Federal Rules of Civil Procedure. *See* Dkt. No. 12.

Defendant then filed a motion to dismiss Plaintiff's defamation and wrongful termination claims, *see* Dkt. No. 22, and a separate answer to Plaintiff's complaint, *see* Dkt. No. 23. Defendant has not moved to dismiss Count One of the complaint or any claims alleging violations of Title VII. Plaintiff, now represented by retained counsel, filed a response opposing the motion to dismiss or, in lieu of dismissal, seeking leave to amend her complaint, *see* Dkt. No. 28; Defendant filed a reply, *see* Dkt. No. 29; and the Rule 12(b)(6) motion is ripe for determination.

## Legal Standards

Fed. R. Civ. P. 12(b)(6) Standard

In deciding a Rule 12(b)(6) motion, the court must "accept all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205-06 (5th Cir. 2007). To state a claim upon which relief may be granted, plaintiff must plead "enough facts to state a claim to relief that is plausible on its face," *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and must plead those facts with enough specificity "to raise a right to relief above the speculative level," *id.* at 555. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* "A claim

for relief is implausible on its face when 'the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct.'" *Harold H. Huggins Realty, Inc. v. FNC, Inc.*, 634 F.3d 787, 796 (5th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 679). While, under Fed. R. Civ. P. 8(a)(2), a complaint need not contain detailed factual allegations, the plaintiff must allege more than labels and conclusions, and, while a court must accept all of the plaintiff's allegations as true, it is "'not bound to accept as true a legal conclusion couched as a factual allegation.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). A threadbare or formulaic recitation of the elements of a cause of action, supported by mere conclusory statements, will not suffice. *Id.*

A court cannot look beyond the pleadings in deciding a Rule 12(b)(6) motion. *See Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999). Pleadings in the Rule 12(b)(6) context include attachments to the complaint. *See In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007). Documents "attache[d] to a motion to dismiss are considered to be part of the pleadings, if they are referred to in the plaintiff's complaint and are central to her claim." *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000) (internal quotation marks omitted).

Fed. R. Civ. P. 15(a)(2) Standard

"Motions for leave to amend are typically governed by Rule 15(a)(2), or, if the time to seek leave to amend has expired, by Rule 16(b)(4) and then by Rule 15(a)(2)." *Orthoflex, Inc. v. Thermotek, Inc.*, Nos. 3:11-cv-870-D & 3:10-cv-2618-D, 2011 WL 4398279, at *1 (N.D. Tex. Sept. 21, 2011). Where, as here, a party is not subject to an expired deadline for seeking leave to amend, Rule 15(a) requires that leave to amend

be granted freely "when justice so requires." FED. R. CIV. P. 15(a)(2). Leave to amend is not automatic, *Jones v. Robinson Prop. Grp., L.P.*, 427 F.3d 987, 994 (5th Cir. 2005), but the federal rules' policy "is to permit liberal amendment to facilitate determination of claims on the merits and to prevent litigation from becoming a technical exercise in the fine points of pleading," *Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 598 (5th Cir. 1981). The Court "may consider a variety of factors" when deciding whether to grant leave to amend, "including undue delay, bad faith or dilatory motive on the part of the movant, repeated failures to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, and futility of the amendment." *Jones*, 427 F.3d at 994. But Rule 15(a) provides a "strong presumption in favor of granting leave to amend,"*Fin. Acquisition Partners, LP v. Blackwell*, 440 F.3d 278, 291 (5th Cir. 2006), and the Court must do so "unless there is a substantial reason to deny leave to amend," *Dussouy*, 660 F.2d at 598; *accord Jebaco Inc. v. Harrah's Operating Co., Inc.*, 587 F.3d 314, 322 (5th Cir. 2009) ("leave to amend is to be granted liberally unless the movant has acted in bad faith or with a dilatory motive, granting the motion would cause prejudice, or amendment would be futile").

The Fifth Circuit has interpreted "futility" in the context of Rule 15 to mean that "the amended complaint would fail to state a claim upon which relief could be granted." *Stripling v. Jordan Prod. Co.*, 234 F.3d 863, 873 (5th Cir. 2000). To determine futility a court must apply the same standard as applies under Rule 12(b)(6). *Id.*

## Analysis

Counts Two (Statutory Libel), Three (Libel Per Se), and Four (Defamation Per Se)

Plaintiff alleges that Defendant made false and defamatory statements, that she suffered damages due to the statements, and that the statements constitute statutory libel, libel *per se*, and defamation *per se* under Texas law. *See* Dkt. No. 3 at 4-7. The only specific allegations of defamation contained in Plaintiff's complaint are that, on or about January 19, 2011, Defendant told Hearing Officer L. Thigpen, an employee of the Texas Workforce Commission investigating her claim for unemployment insurance, that she "had bad customer service and did not work to company standards." *Id.* at 4.

Defendant moves to dismiss these claims, urging that statements to a hearing officer in the course of an unemployment hearing are privileged and cannot form the basis of a tort claim in the nature of defamation. *See* Dkt. No. 22 at 4-5. Under Texas Labor Code § 301.074,

> [a]n oral or written statement made to the commission or to an employee of the commission in connection with the discharge of the commission's or the employee's duties under Subtitle A [Texas Unemployment Compensation Act] may not be the basis for defamation of character.

TEX. LAB. CODE § 301.074; *see also, e.g.*, *Hardwick v. Houston Lighting and Power Co.*, 881 S.W.2d 195, 198 (Tex. App. – Corpus Christi 1994, writ dism'd w.o.j.). Plaintiff does not contend otherwise. *See* Dkt. No. 28 at 4. Instead, she explains that her *pro se* pleadings "did not affirmatively exclude all other acts" of defamation that are not privileged communications. *Id.*

Because any allegations of defamation and libel surrounding the statements made to representatives of the Texas Workforce Commission in connection with Plaintiff's eligibility for unemployment insurance are privileged under Texas law, Defendant's motion to dismiss these claims should be granted, and the claims regarding the statements to the TWC should be dismissed with prejudice. However, as discussed more fully below, Plaintiff should be permitted leave to amend her pleadings to set forth any claims of defamation that are not privileged communications.

Count Five (Injurious Falsehood)

Plaintiff also alleges that, based upon the same conduct of Defendant, she was subjected to falsehoods intended to interfere with her economic interest. *See* Dkt. No. 3 at 7. To the extent that she again challenges privileged statements made to the employment commission, this claim should be dismissed. In addition, Plaintiff has alleged no specific disparaging words referring to her economic interests. *See, e.g.*, *Hurlbut v. Gulf Atl. Life Ins. Co.*, 749 S.W.2d 762, 766 (Tex. 1987). Plaintiff does not appear to contend otherwise. Accordingly, this claim should be dismissed without prejudice to Plaintiff's amending her pleadings to assert any non-privileged statements constituting business disparagement.

Wrongful Termination under *Sabine Pilot*

*Sabine Pilot* established a narrow exception to the at-will employment doctrine, allowing an employee to sue her employer if she is discharged for the sole reason that she "refused to perform an illegal act." 687 S.W.2d at 735. Plaintiff did not allege in her complaint that she was terminated based upon her refusal to perform an illegal act.

*See* Dkt. No. 3 at 3. In response to Defendant's Rule 12(b)(6) motion, Plaintiff states that she does not object to dismissal of this claim. *See* Dkt. No. 28 at 5. Therefore, this claim should be dismissed with prejudice.

Motion for Leave to Amend

Plaintiff, now represented by counsel, avers that she was "defamed to various third parties" in comments that were not privileged and that, accordingly, she has valid, unplead claims for defamation under Texas law. *See* Dkt. No. 28 at 1-2 & 5-6; *see also* Dkt. No. 28-1. Plaintiff seeks leave to amend her complaint to properly raise these claims. *See* Dkt. No. 28 at 5-6. The Court has not yet entered a scheduling order, and Plaintiff sought leave to amend soon after counsel filed her notice of appearance.

Rule 15(a)'s liberal amendment policy compels that leave to amend should be granted absent some justification for refusal, such as undue delay, bad faith, dilatory motive on the part of movant, repeated failure to cure deficiencies by amendments previously allowed, or undue prejudice to the opposing party by virtue of allowance of the amendment. *See United States ex rel. Willard v. Humana Health Plan of Tex. Inc.,* 336 F.3d 375, 386 (5th Cir. 2003); *see also Foman v. Davis,* 371 U.S. 178, 182 (1962). There is no basis presented here to refuse Plaintiff's request to amend her complaint, and Defendant has not submitted any basis to oppose amendment other than inferences that Defendant urges the Court to draw as to whether Plaintiff can state a claim based on what she has alleged in her *pro se* complaint. *See* Dkt. No. 29 (requesting that the Court dismiss all of Plaintiff's state law claims in their entirety with prejudice to re-filing). Accordingly, Plaintiff's motion for leave to amend should

be granted.

## Recommendation

The Motion to Dismiss [Dkt. No. 22] should be granted, Plaintiff's claims regarding privileged statements to the Texas Workforce Commission and her claim of wrongful termination under *Sabine Pilot* should be dismissed with prejudice, and her claims for libel, libel *per se*, defamation *per se*, and injurious falsehood should otherwise be dismissed without prejudice. Plaintiff's motion to amend [Dkt. No. 28] should be granted, and she should be permitted to file an amended complaint consistent with the conclusions and recommendation made herein.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: January 10, 2014

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE